UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHAN CHRISTOPHER BRAUN, | Case No. 20-CV-331 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| TIM WALZ, et al., | |
| Defendants. | |

Plaintiff Nathan Christopher Braun, an inmate in the custody of the Minnesota Department of Corrections, brought this suit against Minnesota Governor Tim Walz and several officials of the Department of Corrections (collectively, the "DOC"). Braun alleges that the DOC deprived him of rights in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. In a January 29, 2021 Report and Recommendation ("R&R"), United States Magistrate Judge David T. Schultz recommends: (1) granting the DOC's motion to dismiss; and (2) dismissing Braun's claims without prejudice. (ECF No. 65 ("R&R") at 23.) Braun filed an objection and also moved to strike the R&R's reference to his conviction. (ECF Nos. 66 ("Obj."), 67.) The DOC filed a response. (ECF No. 69.) The Court conducts a *de novo* review of the parts of the R&R to which Braun objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). For the reasons that follow, the

Court accepts the R&R, overrules Braun's objections, denies his motion to strike, and dismisses his claims without prejudice.

## ANALYSIS

The R&R lays out the facts of the case,[1] and the Court need not repeat them here. (R&R at 1–6.)

### I. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that courts "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Eighth Circuit has explained that, although district courts enjoy "liberal discretion" to do so, striking a party's pleading "is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citations omitted). There is general agreement that motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1382 (3d ed.); *see, e.g., Williams v. Hawkeye Cmty. Coll.*, 494 F. Supp. 2d 1032, 1043 (N.D. Iowa 2007) (denying motion to strike where movant did not explain why allegations in pleadings where immaterial or impertinent or show that their continued presence would prejudice him).

---

[1] Braun does not object to the R&R's factual findings, only its legal conclusions.

Braun, moving under Rule 12(f), seeks to "[s]trike from the [r]ecord . . . any mention of his conviction as it is immaterial and scandalous matter." (ECF No. 67.) Rule 12(f), however, only permits the Court to strike matter "from a pleading," not from the record as a whole or from the R&R. Fed. R. Civ. P. 12(f). As the DOC has not yet filed an answer, the only pleadings are Braun's Complaint and Amended Complaint (ECF Nos. 1, 4; *see* ECF No. 44 (DOC's motion to dismiss)); *see* Fed. R. Civ. P. 12(b) ("A motion asserting . . . defenses must be made before pleading if a responsive pleading is allowed.").

Neither the Complaint nor the Amended Complaint make any reference to Braun's conviction beyond the fact that he is incarcerated. (*See generally* ECF Nos. 1, 4.) Under Rule 12(f), there is nothing to strike from the pleadings and the Court denies Braun's motion.[2]

## II.   Objections

Braun objects to the R&R in several respects, asserting that Judge Schultz erred by: (1) ignoring that he had a protected interest in material DOC officers seized from his cell; (2) concluding that Braun's requests for injunctive relief were moot; (3) determining that

---

[2] And even if a pleading contained such a reference, he has not shown that such a statement would be prejudicial or unconnected to the case.

Braun had failed to meet Rule 8(a)(2)'s pleading standard; (4) and recommending that, regardless of pleading requirements, Braun's claims failed to state claims. (Obj. at 1–7.)

### A.   *Copyright Interest in Seized Materials*

Braun argues that federal copyright law protected the items DOC employees seized from his cell and that he therefore "has a cognizable interest in this personal property." (Obj. at 1.) This may be true—Braun may have a property interest in his artwork and book entitled *Stonerism: A Path to Peace*, but he has cited no authority for the proposition that the Fourth Amendment protects such an interest. And Braun does not address the R&R's conclusion that the "Fourth Amendment 'does not apply within the confines of the prison cell.'" (R&R at 16 (quoting *Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984)).)

The R&R did not err in concluding that federal copyright law did not protect Braun's artwork and *Stonerism: A Path to Peace* from seizure.

### B.   *Mootness of Injunctive Relief*

Braun also objects to the R&R's determination that his request for injunctive relief is moot, asserting that "regardless of where Braun currently resides[,] he is under the [DOC's] control" and therefore the Court may still order injunctive relief. (Obj. at 1–2.) The R&R concludes that there must be an ongoing or continuing violation of federal law to merit an injunction, and Braun did not plead further retaliatory conduct at his new place of incarceration. (R&R at 10–11 (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985).) Since

4

Braun's objection does not detail how he is still suffering from an ongoing constitutional violation, the request is moot.[3] *See Smith v. Hundley*, 190 F.3d 852, 855–56 (8th Cir. 1999) (holding that transfer between prisons mooted a request for injunctive relief).

C.    *Pleading Deficiencies*

Braun maintains that he "clearly and articulately follows" federal pleading requirements and details the defendants who committed the acts alleged to violate his rights, as well as when and where these violations occurred. (Obj. at 2.) Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court applies less stringent standards to a *pro se* complaint, it must still provide specific facts to support the claims brought. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted).

Braun has failed to meet this standard. As the R&R determined, his complaint potentially brings over 100 claims—six claims against each of 17 defendants (ten defendants in their official capacities, seven of them in their individual capacities). (R&R at 12.) Braun has failed to identify which of these defendants violated which of his rights and how they allegedly did so. He therefore fails to state a claim.

---

[3] Braun has also certified that at least some of the items he seeks returned have been destroyed. (ECF No. 50 at 2.)

### D.     *Individual Constitutional Claims*

The Court's determination that Braun has failed to state a claim under Rule 8(a)(2) is dispositive; however, because Braun raises specific objections to the R&R's conclusion that he also fails to state a claim on specific legal grounds, the Court addresses those objections briefly.

#### 1.     *Eighth Amendment*

As to his Eighth Amendment claim, Braun states that a supplemental pleading will provide the grounds for his Eighth Amendment claim, (Obj. at 2–3), but no such pleading exists in the record, and the claim must be dismissed.

#### 2.     *Fourteenth Amendment*[4]

Braun contends that the R&R erred by failing to consider the constitutionality of the process through which the DOC placed him into segregation. (*Id.* at 3.) This confirms the R&R's conclusion that Braun asserts a procedural, rather than substantive, due process claim. (R&R at 17.) Such a claim must first establish deprivation of a protected liberty interest. (*See* R&R at 17 (citing *Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 817–18 (8th Cir. 2011).) Braun does not provide any authority to refute the R&R's conclusion that his seven-day stay in segregation was not a deprivation of a protected liberty interest. (R&R at 17–18.)

---

[4] Braun concedes that the Fifth Amendment applies only to federal actors, not state actors like the DOC. (Obj. at 3.)

Braun also argues that he had a protected property interest in the material that DOC employees seized from his cell. (Obj. at 3.) Deprivation of a property interest can lead to a due process violation. *Schmidt*, 655 F.3d at 817–18. Where an adequate post-deprivation remedy for seizure of an inmate's property exists, however, that seizure does not violate due process. *Jones v. Roy*, 449 F. App'x 526, 527 (8th Cir. 2011) (first citing *Hudson*, 468 U.S. at 533; then citing *Storms v. Schneider*, 802 N.W.2d 824, 827 (Minn. Ct. App. 2011) (stating that a replevin claim is the appropriate method to recover personal property); and then citing *Swenson v. Holsten*, 783 N.W.2d 580 (Minn. Ct. App. 2010) (bringing an official-capacity claim against a Minnesota official for return of personal property)). Braun has not shown any reason why he cannot file such an action to obtain the return of his property (or damages, if such property no longer exists) and therefore has not stated a claim of deprivation of due process.[5]

3.   *First Amendment Retaliation*

Braun maintains that it "is clear beyond any reasonable doubt that the conduct described in the complaint [amounts to] retaliation." (Obj. at 3.) But his objection does not address the R&R's conclusion that his pleading does not make it plausible that filing

---

[5] This conclusion also disposes of Braun's final objection to the R&R's conclusion that Braun has not pleaded a Fourth Amendment violation. (Obj. at 6–7.) Because Braun has a remedy to obtain his property (or damages), there was no Fourth Amendment violation for the reasons above.

7

a grievance was the sole motivating factor for the seizure of his property (R&R at 19 (citing *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).)

Braun argues that the items confiscated were not contraband, but provides no authority to show that this is the case—for example, the DOC's definitions of "contraband" or policies for searching for and seizing it. And although Braun contends that, even if his property were contraband, the DOC's employees failed to follow their own policies in seizing it, he does not address the R&R's conclusion that even if a search for contraband is made in retaliation for filing a grievance, correctional officers may seize it, regardless of their motivation. (*Id.* at 20 (citing *Goff*, 7 F.3d at 738).)

The R&R correctly recommends dismissal of Braun's First Amendment retaliation claim.

4. *First Amendment Free Exercise*

Braun asserts that the R&R ignored the content of *Stonerism: A Path to Peace* in concluding that his beliefs about marijuana were not sufficiently pleaded to "form a religion." (R&R at 22–23; Obj. at 4; ECF Nos. 60-1, 60-2 (a copy of *Stonerism: A Path to Peace*).) The R&R determined that Braun does not "describe others who engage in similar spiritual practice, tell of the tenets and teachings, or elaborate on the metaphysical beliefs or ultimate ideas of Stonerism." (R&R at 23.) Having reviewed Braun's writings, the Court concludes that the R&R's determination is correct. Although certain aspects of *Stonerism: A Path to Peace* are consistent with religious texts, it appears to be more similar

8

to a life philosophy that embraces all religions rather than a separate religion itself. (*E.g.*, ECF No. 60-2 at 1 ("As Stoners, we understand that each individual Stoner is entitled to their own personal and individual Path. It is through this understanding that we are able to be One with each individual Stoner's Path in so much as their own personal and individual interpretation allows. It is in this way that as Stoners we acknowledge Kusa Kami as the creator of all things, and that He is known to all by many names, for Kusa Kami is merely our interpretation of His name, yet we acknowledge all His names and all interpretations as no name can truly be placed that could truly name Him.").) Braun contends he has "clearly linked" his belief "in the healing property of medical marijuana . . . to the Torah, and the Bible, and [quotes both] in *Stonerism: A Path to Peace*;" according to Braun, this renders his beliefs sincere, but he does not identify any portions of *Stonerism: A Path to Peace* that quote either. (Obj. at 6.)

Finally, Braun takes issue with the R&R's conclusion that federal courts have been "doubtful of marijuana-based religions," citing Rastafarianism as an example. (R&R at 23; Obj. at 6.) One of the differences between Stonerism and Rastafarianism is that the Eighth Circuit has explicitly endorsed Rastafarianism as a religion. *Cofer v. Schriro*, 176 F.3d 1082, 1082 (8th Cir. 1999). It has made no such determination about Stonerism. Rastafarianism also has a set belief system, whereas the contours of Stonerism are unclear from the record before the Court. (*Compare* ECF Nos. 60-1, 60-2, *with Rastafarian Beliefs*,

9

BBC, https://www.bbc.co.uk/religion/religions/rastafari/beliefs/beliefs_1.shtml (last visited Mar. 3, 2021).)

With the pleadings before the Court, it cannot determine that Braun's beliefs form a religion.[6]

### III. Remaining Issues

Braun does not object to the remainder of the R&R's conclusions. The Court reviews the remaining portions of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Having reviewed the remaining portions of the R&R, the Court finds no clear error.

### CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Nathan Christopher Braun's objections (ECF No. 66) are OVERRULED;

2. The Report and Recommendation (ECF No. 65) is ACCEPTED;

3. Defendants' Motion to Dismiss (ECF No. 44) is GRANTED;

---

[6] The Court need not address the remainder of Braun's objections on this issue which consist of citations to the website Urban Dictionary, objecting to the R&R's use of that website to define "stonerism," as well as citations to the online Merriam-Webster dictionary attempting to demonstrate linguistically that "stonerism" is a religion. (Obj. at 4–6.)

4. Plaintiff Nathan Christopher Braun's Motion to Strike (ECF No. 67) is DENIED; and

5. Plaintiff Nathan Christopher Braun's Amended Complaint (ECF No. 4) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 9, 2020                             BY THE COURT:

                                                 s/Nancy E. Brasel
                                                 Nancy E. Brasel
                                                 United States District Judge